UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL VARGAS,<br><br>        Plaintiff,<br><br>v.<br><br>DEDRICK RILEY, et al.,<br><br>        Defendants. | Case No. 18-cv-00567-JST<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION TO DISMISS**<br><br>Re: ECF No. 6, 10 |

Now before the Court is Plaintiff Manuel Vargas's motion to remand this case to the Contra Costa Superior Court. ECF No. 10. The Court will grant the motion.

**I.  BACKGROUND**

Plaintiff Manuel Vargas brings several claims against Defendants Dedrick Riley, Lance Bell, Daniell Evens, Ernest Loucas, Aaron Polmaroy, Allwyn Brown, Peter Fagan, Tom Butt, S&S Towing & Trucking ("S&S Towing"), the Richmond Police Department, and the City of Richmond ("the City") (collectively "Defendants") stemming from an alleged unlawful traffic stop on October 14, 2015. ECF No. 1 at 34-35

Vargas filed his initial complaint in Contra Costa County Superior Court on July 27, 2017. *Id.* at 5. Vargas filed an amended complaint on December 29, 2017. *Id.* at 34. On January 26, 2018, the City removed the case to federal court, alleging the amended complaint brought federal claims arising "under the U.S. Constitution for acts committed under color of law." *Id.* at 1-3. On February 2, 2018, the City filed a motion to dismiss the amended complaint. ECF No. 6. On February 8, 2018, Vargas filed a motion to remand the case to the Contra Costa County Superior Court. ECF No. 10.

## II. LEGAL STANDARD

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by [a] defendant . . . to [a federal] district court . . . ." 28 U.S.C. § 1441(a). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

If the district court determines that it lacks jurisdiction, the action must be remanded back to the state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted). The court "resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted).

## III. ANALYSIS

Vargas argues the case should be remanded for three reasons. ECF No. 10 at 3-5. First, the amended complaint alleges only state law claims. *Id.* at 5. Second, the filing of the notice of removal was untimely. *Id.* at 3. Third, the notice of removal failed to join all proper defendants. *Id.*

### A. Federal Questions

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Vargas argues that his amended complaint alleges claims solely under the California Civil Code and the California Constitution. ECF No. 10 at 5. The City responds that four of Vargas's causes of action are *Monell* claims brought pursuant to 42 U.S.C. § 1983. ECF No. 15 at 8-9. Vargas concedes in reply that his amended complaint asserts some federal causes of action. ECF No. 18 at 9.

The Court agrees that the amended complaint asserts federal questions. Vargas's twelfth cause of action explicitly asserts a "*Monell* municipal liability civil rights action" against Mayor

2

Butt and the City for promulgating and maintaining an unconstitutional policy to enforce the California Vehicle Code. ECF No. 1 at 48. As *Monell* claims are brought under section 1983 for "constitutional deprivations effected pursuant to a governmental custom," removal is proper on this claim alone. *See Green v. City & Cty. of San Francisco*, 751 F.3d 1039, 1044 (9th Cir. 2014) (citation omitted); 28 U.S.C. § 1441(a).

### B. Timeliness

Generally, a notice of removal must be filed within 30 days after the initial complaint or summons is served on the Defendants. 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days" after the Defendants are served with an amended pleading "from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3).

Vargas argues that the City's notice of removal, filed on January 26, 2018, was untimely because Defendants were served with the initial complaint on September 6, 2017. ECF No. 10 at 3. However, the initial complaint alleged only state law claims. *See* ECF No. 1 at 8-14. The action became removable when Vargas filed an amended complaint with new federal claims on December 29, 2017. *See id.* at 45-48. Therefore, Defendants filed the notice of removal within the required thirty day period.

### C. Failure to Join All Defendants

"All defendants who have been 'properly . . . served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011) (citing 28 U.S.C. § 1446(a)). The removing party has the burden "to explain affirmatively the absence of any co-defendants in the notice of removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006).

"All parties must consent to removal except 'for nominal, unknown or fraudulently joined parties.'" *Beltran v. Monterey Cty.*, No. C 08-05194 JW, 2009 WL 585880, at *2 (N.D. Cal. Mar. 6, 2009) (quoting *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir.2002). "The exception for 'unknown' parties includes a party that has not been served at the time of

3

removal." *Id.* (citing *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984)).

Vargas argues that the City did not have consent from S&S Towing to remove this action to federal court.[1] ECF No. 10 at 3. The City argues that "[s]ince there was no evidence in the record that there were any other 'properly served' defendants in this action as of January 26, 2018, the date of removal, other than the City, the City had no obligation to retrieve joinder or consents from named but not properly served or appearing defendants in this action." ECF No. 15 at 7. However, the City acknowledges in its opposition that there was a notation on the state docket showing proof of service of S&S Towing. ECF No. 15 at 8. The City contends that a docket entry stating, "PROOF OF PERSONAL SERVICE FILED ON 1ST AMENDED COMPLAINT OF MANUEL VARGAS AS TO S&S TOWING & TRUCKING WITH SERVICE DATE OF 1/05/18" was insufficient to provide notice of proper service. *Id.* at 8. The City provides no support for this contention.

There is conflicting authority concerning "the extent of a removing defendant's duty to ascertain whether co-defendants have been served at the time the notice of removal is filed. However, many courts require the consent of served co-defendants, regardless of the filing of proofs of service, and they find that diligence is lacking when removing defendants merely check the state court record for proofs of service as to co-defendants . . . . Other courts allow removing defendants to rely on the state court docket for filed proofs of services." *Lewis v. HSBC Bank*

---

[1] Vargas also argues that the City did not have consent from Fagan for removal. ECF No. 10 at 3. However, Vargas admits in his opening brief and in reply that Fagan has not yet been properly served. *Id.*; ECF No. 18 at 4.

The City also contends that its counsel only accepted service on the City's behalf, and that the remaining Richmond police officers have not yet been served. ECF No. 15 at 2. Vargas argues that the City's counsel "stated numerous times she was representing all Richmond Related Defendants [sic]" and therefore, service by mail to the City's counsel constituted service on all the named Richmond police officers. ECF No. 18 at 3. Vargas has not shown that the Richmond police officers authorized the City's counsel to receive service on their behalf pursuant to California Code of Civil Procedure section 416.90. These defendants were not properly served parties at the time of removal.

4

1  *USA, N.A.*, No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *3-*4 (D. Haw. Aug. 25, 2017),

2  *report and recommendation adopted*, No. CV 17-00234 DKW-KSC, 2017 WL 4019416 (D. Haw.

3  Sept. 12, 2017). However, under either line of authority, a notation in the state docket would be

4  sufficient to provide the City notice that a co-defendant had been served.

Vargas included the proof of service for S&S Towing for the first time in his reply. *See* ECF No. 20 at 11. Although the City already conceded its knowledge of the proof of service in its opposition, the Court allowed the City an opportunity to file a sur-reply. ECF No. 15 at 8.[2] There, the City argues that S&S Towing was not properly served at the time of removal because it was improperly sued as "S&S TOWING & TRUCKING" as opposed to "S&S TOWING & TRUCKING, LLC." ECF No. 28 at 4. The City also submits a declaration from Marie Quashnock, an attorney who previously represented S&S Towing. ECF No. 29 at 17. Quashnock states that S&S Towing ceased doing business around September 2017. *Id.* She contends that she has read the declaration of J. Gogo, Deputy, in which he claims to have served S&S Towing by personal service to Louis Chavier in January 2018. *Id.* at 18. She states that "[t]his is not possible" because S&S Towing had vacated the premises by January 18, 2018. *Id.* She adds that according to Chavier, the papers may have been left with someone from the current company occupying the premises, A&A Auto Parts & Service. *Id.*

The City argues that because there was no properly served defendants at the time of the removal, the City did not need consent before removal. ECF No. 28 at 4. However, the City fails to explain why it did not meet its burden "to explain affirmatively the absence of any co-defendants *in the notice of removal*." *Prize Frize, Inc.*, 167 F.3d at 1266 (*emphasis added*). In the notice of removal, the City notes that it will likely be representing the individual Richmond Defendants if any such individuals are served. ECF No. 1 at 2-3. The notice of removal does not mention S&S Towing. *See* ECF No. 1.[3]

---

[2] On May 15, 2018, Vargas filed a document entitled, " Plaintiff's Written Objection to Defendant's Sur-Reply Brief In Support of Opposition to Plaintiff's Motion for Remand." The Court has not considered this document, which resembles a sur-sur-reply brief more than an evidentiary objection. Plaintiff was not authorized to file an additional brief.

[3] The City did explain why it did not obtain consent from S&S Towing in its opposition and sur-

5

Therefore, "because the removal notice was facially defective and the deficiencies uncured within the thirty-day statutory period, removal was improper." *Prize Frize, Inc.*, 167 F.3d at 1266. The motion to remand is GRANTED.[4]

**CONCLUSION**

The Court grants Plaintiff's motion to demand. This action is hereby remanded to Contra Costa County Superior Court. Defendant's motion to dismiss is denied as moot.

**IT IS SO ORDERED.**

Dated: May 17, 2018

										_____
										JON S. TIGAR
										United States District Judge

---

reply to the motion for remand. ECF Nos. 15, 28. However, even if the Court construes these filings as an amended notice of removal, these were both filed more than thirty days after the City was served the amended complaint. Therefore, the Court will not consider these filings as part of the notice of removal. *See Cont'l Ins. Co. v. Foss Mar. Co.*, No. C 02-3936 MJJ, 2002 WL 31414315, at *4 (N.D. Cal. Oct. 23, 2002). ("Considering the presumption against removal, the prohibition on alleging new grounds for removal in untimely removal petitions, and the narrow circumstances in which amended removal notices may be entertained, the Court declines to exercise its discretion and consider the explanation for not joining defendants contained in the amended notice of removal."); *Garcia-Pardini v. Metro. Life Ins. Co.*, No. C-01-0088 VRW, 2001 WL 590037, at *2 (N.D. Cal. May 17, 2001) (internal citation omitted) ("Certainly, as MetLife argues in great detail in its opposition to plaintiff's motion to remand, serious questions exist regarding whether plaintiff properly effectuated service on the Plan. All MetLife had to do was include this argument in its original removal notice.")

[4] In an unpublished disposition, the Ninth Circuit held that failure to explain the absence of other defendants in the notice of removal did not constitute a ground on which the plaintiff could challenge removal because "it was clear to [plaintiff] and to the district court that none of the other defendants had been served, so there was no reason for [defendant] to have provided such an explanation in this case." *Fisher v. Alfa Chemicals Italiana*, 258 F. App'x 150, 151 (9th Cir. 2007) (internal citation omitted). *Fisher* is not precedential. *See* Ninth Circuit Rule 36-3(a). Nevertheless, here, it is not immediately "clear" that service on S&S Towing may have been improper. An explanation in the notice of removal is therefore required.